UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CYRUS F. SARVESTANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-04203-SLD-JEH |
| | ) |
| HIGHER LEARNING COMMISSION, | ) |
| THOMAS ZINKULA, ASSOCIATION OF | ) |
| JESUIT COLLEGES AND UNIVERSITIES, | ) |
| and MIKKIE SCHILTZ, [1] | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff Cyrus F. Sarvestaney, proceeding pro se, seeks an order requiring Defendant Higher Learning Commission ("HLC") to terminate St. Ambrose University's ("St. Ambrose") accreditation, which will force an end to St. Ambrose's and its related entities' repeated criminal acts against Plaintiff. *See, e.g.*, Compl. 1–6, ECF No. 1. The matter comes before the Court for merit review under 28 U.S.C. § 1915(e)(2).

## IN FORMA PAUPERIS

Plaintiff moves to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). IFP Pet., ECF No. 19. The motion, which was submitted under penalty of perjury, sufficiently demonstrates that he cannot pay the costs of the proceeding. Plaintiff's motion to proceed IFP, therefore, is GRANTED.

---

[1] The original complaint, ECF No. 1, names only Higher Learning Commission as a Defendant. Plaintiff Cyrus F. Sarvestaney filed motions to add as defendants St. Ambrose University Chairman Thomas Zinkula, Mot. Amend Compl. 1, ECF No. 3, the Association of Jesuit Colleges and Universities, Second Mot. Amend Compl. 1, ECF No. 5, and Mikkie Schiltz, Third Mot. Amend Compl 1, ECF No. 15. He then filed an amended complaint, ECF No. 17, and a corrected amended complaint, ECF No. 18, adding them as Defendants. The Court declines to rule on whether leave was required to add these Defendants and assumes for purposes of this Order that they were properly added.

## DISCUSSION

### I. Legal Standard

The court must dismiss a complaint brought by an individual proceeding IFP if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8 "set[s] the conditions for a sufficient pleading." *Taha v. Int'l Brotherhood Of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). Rule 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" to ensure that the complaint puts the defendants on notice of the plaintiff's claim, *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Taha*, 947 F.3d at 469 ("If a complaint falls short of [Rule 8(a)(2)'s] requirement, it risks dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'").

### II. Analysis

Plaintiff claims that St. Ambrose, St. Ambrose Chairman Thomas Zinkula, the Association of Jesuit Colleges and Universities, Attorney Mikkie Schiltz, and a variety of others under their control have committed criminal acts against him and his property for nearly four

years.  *See* Compl. 1–8; Mot. Amend Compl. 1, ECF No. 3; Second Mot. Amend Compl. 1–6, ECF No. 5; Third Mot. Amend Compl. 1–9, ECF No. 15; Am. Compl. 1–8, ECF No. 17; Corrected Am. Compl. 1–8, ECF No. 18.  But in support of this general claim, he has filed hundreds of pages of difficult to understand and repetitive allegations along with hundreds of pages of photographs.[2]  His allegations of wrongdoing are often unintelligible, and he often fails to identify who committed what alleged acts.

To illustrate, Plaintiff alleges that Zinkula and various other individuals—unnamed goons and thugs—have committed: (1) "Attempted murder by 20-times wanting to cause serious injuries with [his] fall(s) on 3-cement backdoor-steps from some 40-inches h[e]ight that would send [him] to hospital with all antibiotic resisting germs causing death," Compl. 3; (2) "Invasion of Privacy of [his] home by keys that [St. Ambrose] cuts/owns . . . (minimum) of 21-repeated home Breaking & Entering (thugs left intentional, explicit signs of invasions to intimidate [him] & incite fear)," *id*.; (3) "Overt Daily 24/7 use of Vandalism[]& overt commission of other criminal activities causing destruction of [his] valuables on outside inclusions (3-cr[a]wl spaces vents, sidings, windows & frames, screens, doors, yards, shrubberies)[]of both buildings (metal roof was ripped 6-times . . . [and] 2-vehicles that were parked in driveway are totaled," *id*.; and (4) "Nightly use of someone coin-knocking on glass window At 3[:]30 am, or loud motorcycles re[v]ving next to bedroom, or vehicles re[v]ving between 3-4 a.m. predawn.  Again, trashy acts from trashy bunch that suffers identi[t]y crisis," *id*. at 4.  The attachments to the amended complaints detail *many* more incidents in a similar fashion.

---

[2] Plaintiff has also filed: a motion for a restraining order, ECF No. 4; an amended motion for a restraining order, ECF No. 7, a motion for an "[a]nti-[t]huggery" restraining order to safeguard his car, ECF No. 8; a motion to sanction defendants for violating a requested restraining order, ECF No. 9; a motion to stop Zinkula from violating the requested restraining orders, ECF No. 10; a motion to receive expedited service, ECF No. 11; a motion to consider an Eighth Circuit order granting him an expedited appeal, ECF No. 12; a motion requesting urgent rulings, ECF No. 14; a motion requesting a court order prohibiting the law firm Lane & Waterman from representing any party in this case, ECF No. 16; and a motion for status, ECF No. 20.

It is unclear whether Plaintiff is seeking relief from the named Defendants other than HLC—the only relief Plaintiff explicitly seeks in the complaints is an order directing HLC to terminate St. Ambrose's accreditation—and, if so, for what conduct (what each Defendant is alleged to have done and which incidents are relevant to the suit is not clear given the length and nature of the allegations). His complaint is therefore dismissed.[3] But he is given leave to file an amended complaint by August 24, 2021, if he provides "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and organizes his "claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," *id.* at 10(b). Plaintiff must simply explain who he is suing and what they did to cause him injury.

Moreover, Plaintiff's complaints suggest he is bringing suit pursuant to 42 U.S.C. § 1983 and that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, which provides subject matter jurisdiction over federal claims, and 28 U.S.C. § 1343(a), which provides subject matter jurisdiction over certain civil rights suits. *See, e.g.*, Compl. 1. 42 U.S.C. § 1983 provides a cause of action against persons who violate an individual's constitutional or federal rights under color of law. Plaintiff makes no allegations against state actors. Therefore, § 1983 does not appear to be an avenue of relief for Plaintiff. It does not appear that Plaintiff is bringing a civil rights suit enumerated in § 1343(a) either. If Plaintiff decides to file an amended complaint, he must explain the legal basis for his suit and how the Court can assert subject matter jurisdiction over it.

---

[3] The Court notes that, for the reasons stated, the complaints might well also require dismissal for frivolousness. Section 1915(e) gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327, 328 (1989) (referring to an earlier version of the statute that placed the court's ability to dismiss for frivolousness in subsection (d)). The Court reserves ruling on that question because Plaintiff has not complied with Rule 8(a)(2).

## CONCLUSION

Plaintiff's motion to proceed in forma pauperis, ECF No. 19, is GRANTED, but his complaints, ECF Nos. 1, 17, 18, are DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2). The remaining pending motions, ECF Nos. 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 16, 20, are MOOT. The Court grants Plaintiff leave to file an amended complaint if he can cure the deficiencies identified above. Any amended complaint must be filed by August 24, 2021.

Entered his 9th day of August, 2021.

                                                                            s/ Sara Darrow
                                                                          SARA DARROW
                                                  CHIEF UNITED STATES DISTRICT JUDGE