UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CYRUS F. SARVESTANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-04203-SLD-JEH |
| | ) |
| HIGHER LEARNING COMMISSION, | ) |
| THOMAS ZINKULA, ASSOCIATION OF | ) |
| JESUIT COLLEGES AND UNIVERSITIES, | ) |
| and MIKKIE SCHILTZ, [1] | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff Cyrus F. Sarvestaney, proceeding *pro se*, filed suit against Defendants Higher Learning Commission ("HLC"), Thomas Zinkula, the Association of Jesuit Colleges and Universities ("AJCU"), and Mikkie Schiltz. *See* Compl., ECF No. 1; Am. Compl., ECF No. 17; Corrected Am. Compl., ECF No. 18. He alleged that Zinkula (St. Ambrose University's ("SAU") chairman), the AJCU, and Schiltz and their agents have been committing crimes against him and his property for years. *See, e.g.*, Am. Compl. 1–4, 6–8. He sought an order directing the HLC to terminate SAU's accreditation, which he suggested would force to an end the criminal acts against him. *See, e.g.*, Compl. 6.

Because Plaintiff was granted in forma pauperis ("IFP") status, the Court conducted a merit review under 28 U.S.C. § 1915(e)(2)(B). The Court dismissed Plaintiff's complaint for failure to state a claim, explaining that due to the hundreds of pages of allegations Plaintiff provided, it was unclear what relief he sought from the named Defendants and for what conduct.

---

[1] The second amended complaint, ECF No. 37, does not include a case caption, but it appears that Plaintiff is merely elaborating on his prior filings and intends to name the same parties as Defendants as were named in his earlier complaints. *See, e.g.*, Second Am. Compl. 1 (responding to a prior Court order and referring to "defendant #2,3,4").

1

Merit Review Order 3–5, ECF No. 21. But the Court gave Plaintiff leave to file an amended complaint, instructing him to provide "a short and plain statement of the claim showing that" he is entitled to relief, *id.* at 4 (quoting Fed. R. Civ. P. 8(a)(2)), organize his complaint by paragraphs "limited as far as practicable to a single set of circumstances," *id.* (quoting Fed. R. Civ. P. 10(b)), and explain the legal basis for his suit, *id.*

On February 24, 2022, Plaintiff filed his second amended complaint, ECF No. 37.[2] But it is clear that this pleading is not intended to stand by itself. Instead, it appears to both respond to prior Court orders and build on the previously filed complaints. *See* Second Am. Compl. 1 (responding to the Court's earlier text order and referring to Defendants without including a case caption). As best the Court can tell, Plaintiff has attempted to explain what Zinkula,[3] the AJCU, and Schiltz specifically did to cause him injury. *See, e.g., id.* at 5 ("Defendants #3AJCU &#4 Schiltz are culpable based on following facts." (formatting altered)); *id.* ("Hence ILCD should surmise that defendants 2,3&4 caused plaintiff's experienced constant physical, emotional & psychological pains due to inflicted injuries via tortures by ugly every nightly sleep deprivation *since Aug 5-2019*."). However, he merely elaborates that these Defendants "dispatched" agents to commit crimes against him. *See id.* at 5–6. The second amended complaint neither addresses the Court's earlier concern that the length and repetitiveness of Plaintiff's pleadings led the Court to be unable to tell the injuries and events for which Plaintiff sought relief nor complies with the instructions set forth in the Merit Review Order.

---

[2] It is not clear whether the first few pages of the document are intended to be part of the second amended complaint or something separate. Plaintiff did not number the pages of his submission. Out of an abundance of caution, the Court refers to the entirety of ECF No. 37 as the second amended complaint and uses the page numbers generated by CM/ECF.

[3] Though Plaintiff does not specify, the Court surmises that defendant 2 is intended to refer to Zinkula as he is the second named Defendant in the Amended Complaint. *See* Am. Compl. 1.

In any case, the Court concludes that this action must be dismissed. It remains unclear what legal causes of action Plaintiff is asserting against Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that the court must dismiss an action if it "fails to state a claim on which relief may be granted"). To the extent Plaintiff is attempting to assert federal criminal claims, *see, e.g.*, Second Am. Compl. 8 (referring to 18 U.S.C. § 2339, which imposes criminal liability for anyone who harbors or conceals a terrorist), he has no private cause of action to do so. In his earlier complaints, Plaintiff suggested he was bringing suit pursuant to 42 U.S.C. § 1983. *See, e.g.*, Compl. 1. 42 U.S.C. § 1983 provides a cause of action against persons who violate an individual's constitutional or federal rights under color of law. But Defendants are private parties not exercising government power. Therefore, § 1983 does not provide an avenue for relief for Plaintiff. *Cf. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999) ("Although it is usually used only against government officers because of its requirement that the defendant act under color of state law, § 1983 may also be brought to bear on private individuals who exercise government power." (quotation marks omitted)). The Court can discern no federal cause of action Plaintiff could state against Defendants.

Perhaps Plaintiff is seeking to assert state tort claims like invasion of privacy. *See* Second Am. Compl. 5. But in the absence of a federal claim, Plaintiff would have to be proceeding under the Court's diversity jurisdiction. *See Smart v. Loc. 702 Int'l Brotherhood of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) ("Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." (citing 28 U.S.C. § 1331–32)). Plaintiff does not allege Defendants' citizenship, so he has not properly alleged that diversity jurisdiction exists. In any case, Plaintiff is a citizen of Iowa, Am. Compl. 1, and it appears that at least

Zinkula is an Iowa citizen as well considering he is the Bishop of the Diocese of Davenport, *see Bishop Thomas Zinkula*, Diocese of Davenport, https://davenportdiocese.org/people/bishop-thomas-zinkula (last visited May 4, 2022).  Therefore, it is highly unlikely that diversity jurisdiction exists.  *See* 28 U.S.C. § 1332(a)(1) (providing that the district court has diversity jurisdiction over cases between "citizens of different States").

Moreover, this action is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring a court to dismiss a case "if [it] determines that the action . . . is frivolous or malicious").  Section 1915(e)(2)(B)(i) allows courts "to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007).  Here, Plaintiff appears to be alleging a long-standing conspiracy between Zinkula, the AJCU, and Schiltz to send agents on behalf of SAU to commit a wide range of crimes against him.  For instance, he alleges that Defendants "dispatched skinheads neoNazi thugs" to commit crimes against Plaintiff's home, yard, garage, and car (and that they "left behind white supremacy propaganda[] literature"). Second Am. Compl. 1 (formatting altered).  The alleged crimes include using "sadistic tortures" to cause sleep deprivation every night, causing him to fall on cement steps sixty times, and destroying and vandalizing Plaintiff's valuables "on [a] 24/7 basis." *Id.*  He also alleges that the agents removed a chunk of his chimney the size of a pair of size 11 shoes and that they ripped the metal roofs off of his home and garage multiple times. *Id.* at 6.  Previously, he alleged that agents caused there to be constant noise on his street (the sounds of broken mufflers and loud motorcycles) from sunrise to past midnight, dumped dead animals in his yard, stole his diabetes medication, and knocked on his glass windows at 3:30 A.M.  *See* Am. Compl. 4.  These

allegations are bizarre, irrational, and incredible and, thus, frivolous. *See Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (finding the plaintiff's allegations—"that a wide-reaching enterprise—including dozens of local professionals, his own mother, and a clandestine group called 'MEGWITHANIA'—conspired to violate his constitutional rights over 20 years"—were frivolous).

      Accordingly, Plaintiff's second amended complaint, ECF No. 37, is DISMISSED. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to enter judgment and close the case. All other pending motions are MOOT.

      Entered this 4th day of May, 2022.

                                                       s/ Sara Darrow
                                                       SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE